**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Sierra Club; WildEarth Guardians,<br><br>    Plaintiffs,<br><br>vs.<br><br>United States Forest Service; United States Fish and Wildlife Service,<br><br>    Defendants. | No. CV-09-8116-PHX-FJM<br><br>**ORDER** |

On November 5, 2009, we held that the defendants have satisfied their obligations under the Endangered Species Act (ESA), the National Forest Management Act (NFMA), and the National Environmental Policy Act (NEPA) with respect to the Warm Fire Project (doc. 39). Plaintiffs have appealed that order and now seek an injunction preventing defendants from implementing the Project pending their appeal. We have before us plaintiffs' motion for an injunction (doc. 43), defendants' response (doc. 46), and plaintiffs' reply (doc. 47).

A party seeking an injunction pending appeal must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008).[1]

In their motion for injunction pending appeal, plaintiffs advance the same arguments they presented in their motion for summary judgment. We have already considered these arguments and found them to be without merit. Plaintiffs have presented no additional showing to demonstrate that they are likely to succeed on the merits on appeal. For the same reasons stated in our previous order, we conclude that plaintiffs have not demonstrated that they are likely to succeed on the merits of their claims.

We also conclude that plaintiffs have failed to demonstrate that irreparable injury is likely in the absence of an injunction. Plaintiffs argue generally that they have "members who use and enjoy the Warm Fire project areas, and [their] interests will be irreparably harmed if the logging commences before Plaintiff's appeal is resolved." Motion at 13. They contend that they are entitled to injunctive relief if an agency violates a procedural provision of the ESA. Id. But we have already determined that defendants have fully complied with their obligations under the ESA, NFMA and NEPA in concluding that the Warm Fire Project is not likely to adversely affect the Mexican Spotted Owl or the Allen's lappet-browed bat. On the present record, the negative impact of the Warm Fire Project is only speculative. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." Winter, 129 S. Ct. at 375-76 (emphasis added). Plaintiffs have failed to make that showing.

While the public undoubtedly has a strong interest in maintaining species viability, the public also has a strong interest in forest restoration, preservation and safety, particularly in the absence of evidence showing that the project is likely to result in environmental harm.

---

[1] The standard for evaluating an injunction pending appeal is similar to that used to determine whether to grant a preliminary injunction. See Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

Thus, the balance of equities weighs in favor of defendants and an injunction is not in the public interest.

**IT IS ORDERED DENYING** plaintiffs' motion for injunction (doc. 43).

DATED this 22nd day of January, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge